Mr. Chief Justice Shaekey
delivered the opinion of the court.
It seems that Cook had recovered a judgment against Dillon et ah, and that an execution was placed in the hands of the sheriff; and for some cause or other, a judgment was recovered by Cook against the sheriff and his sureties, on motion founded probably on a failure to return the execution. The sureties of the sheriff had the money to pay, and afterwards sued out execution on the original judgment against Dillon, who resists the execution on the ground that the payment by the sureties, satisfied it; and also because the law does not, in su.ch cases, vest the execution in the sureties, but only in the sheriff. The statute provides that if any sheriff shall fail to return an execution, the plaintiff may recover of the sheriff and his sureties, the amount due thereon with damages; and it contains a proviso that after such payment by the sheriff, the execution shall be vested in him for his own benefit. The object of this statute is plain enough as regards the sheriff. It does something more than vest the unreturned execution in him; it entitles him to sue out new execution and proceed to collect the money. No other construction would make the law avail anything. But does it entitle the sureties of the sheriff, who have paid money, the sheriff being dead, to pursue the same course? The law evidently did not contemplate or provide for such a case, There is great justice in allowing sureties who have paid money, to be substituted to the rights of the sheriff, but to allow them this privilege would be to incorporate a provision into the statute which it does not contain, and *781 which was evidently not in the mind of the legislature. The parties are not without a remedy. Besides their right of action, the administrator of the sheriff would be entitled to pursue the execution.
Judgment reversed.